UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SURJIT SINGH,<br><br>        Petitioner,<br><br>   v.<br><br>NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement,<br><br>        Respondent. | Case No. C08-1667-RSL-BAT<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Surjit Singh, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. (Dkt. 6). He requests that this Court order his release on bond or conditions, arguing that "such custody violates the due process rights of the Petitioner." *Id*. At 1. Respondent has filed a motion to dismiss, arguing that petitioner is lawfully detained in the "removal period" pursuant to Section 241(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(1), pending his removal from the United States. (Dkt. 12).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 6) be DENIED and respondent's motion to dismiss (Dkt. 12) be GRANTED.

REPORT AND RECOMMENDATION
PAGE 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of India. On June 25, 1995, he entered the United States without inspection at Douglas, Arizona. Petitioner was detained by the U.S. Border Patrol at entry and issued an Order to Show Cause and Notice of Hearing, placing petitioner in deportation proceedings. (Dkt. 14 at R9-12, L4-10).

On April 9, 1996, an Immigration Judge ("IJ") denied petitioner's application for asylum and withholding of deportation, and ordered him deported to India. (Dkt. 14 at L47-48). Petitioner appealed the IJ's decision and filed a motion to reopen with the Board of Immigration Appeals ("BIA"), which dismissed the appeal and denied the motion on September 31, 1998. (Dkt. 14 at L130-33).

On November 2, 1998, petitioner was ordered to surrender for deportation on November 16, 1998, at San Francisco, California. (Dkt. 14 at L146). Petitioner failed to appear and a Notice of Immigration Bond Breach was sent to the bond obligor on December 3, 1998. (Dkt. 14 at R34).

On January 4, 2008, ICE arrested petitioner at his residence in Beaverton, Oregon, and transferred to the Northwest Detention Center in Tacoma, Washington, where he remains detained. (Dkt. 14 at R149). On February 4, 2008, he was served with a Warning for Failure to Depart, Notice of Review and Instruction Sheet. (Dkt. 14 at R130). Petitioner completed an Application for Indian Passport and ICE forwarded a travel document request to the Consulate General of India in San Francisco, California on February 12, 2008. (Dkt. 14 at R97).

On February 20, 2008, petitioner, proceeding through counsel, filed a motion to reissue decision or reopen his removal proceedings with the BIA, which denied petitioner's motion as untimely on April 1, 2008. (Dkt. 14 at R101-103, R106). On April 29, 2008, petitioner filed a Petition for Review and a motion for stay of removal with the Ninth Circuit Court of Appeals. *See Singh-Kaur v. Mukasey*, No. C08-71801 (9th Cir. 2008).

On November 14, 2008, petitioner filed the present action challenging his detention pending adjudication of his petition for review. (Dkt. 6). On December 5, 1998, the Ninth Circuit dismissed petitioner's petition for review and the mandate issued December 26, 2008. *See Singh-Kaur*, No C08-71801. On January 30, 2009, respondent filed a Return to Habeas Petition and Cross-Motion to Dismiss. (Dkt. 12). Petitioner did not file a response. The habeas petition and cross-motion to dismiss are ready for review.

### III. DISCUSSION

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In *Zadvydas,* the Supreme Court determined that the government is entitled to a

presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

In the present case, the Ninth Circuit dismissed petitioner's Petition for Review on December 5, 2008, and the mandate issued on December 26, 2008, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Therefore, petitioner's ninety-day removal period will expire on or about March 26, 2009, and the six month presumptively reasonable period will expire on or about June 26, 2009. Accordingly, petitioner's detention is lawful, and the Court must deny habeas relief. *See Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 17th day of March, 2009,

／s／
BRIAN A. TSUCHIDA
United States Magistrate Judge